NOT DESIGNATED FOR PUBLICATION

No. 121,527

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAMPIRIA YVETTE WADE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed July 31, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., MCANANY, S.J., and BURGESS, S.J.

PER CURIAM: Tampiria Wade appeals the district court's revocation of her probation and the imposition of her underlying prison sentence. We granted Wade's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Based on our review of the record, we find no error by the district court and affirm.

In 2017, Wade pled guilty to two counts of violating the Kansas Offender Registration Act, severity level 6 person felonies, contrary to K.S.A. 2016 Supp. 22-4903. The court sentenced Wade to a total of 57 months in prison but suspended that sentence and granted probation for 24 months.

1

Wade was unsuccessful on probation. In March and April of 2018, Wade violated the terms of her probation by using illegal drugs and failing to report to her supervisor. She received a three-day intermediate jail sanction.

A month later, Wade again violated the terms of her probation by using illegal drugs, failing to report to her supervisor, leaving the county without permission, and failing to attend outpatient treatment as directed. She was ordered to serve a 60-day prison sanction.

The following month, in June and then in July 2018, Wade yet again violated the terms of her probation by failing to report for the 60-day sanction imposed for the last probation violation, failing to report to her supervisor, and failing to appear for court. She received a 120-day prison sanction for those violations, and her probation was extended by 12 months.

Finally, in November and December 2018, shortly after completing her 120-day prison sanction, Wade violated her probation for the last time by using marijuana, failing to obtain a drug and alcohol assessment, failing to report to her supervisor, and failing to update her offender registration in Sedgwick County.

At the probation revocation hearing on March 1, 2019, Wade admitted to these probation violations. The district court observed that Wade had a clear "habit" of failing to follow orders of the court and the terms of her probation. The district court revoked her probation and ordered her to serve her underlying prison sentences, but it modified the sentences to run concurrently, for a total term of 38 months' imprisonment rather than the originally ordered 57 months' imprisonment.

Wade appeals, arguing that she deserved another chance on probation because of her addiction to drugs. But the district court had the discretion to revoke her probation

due to her previous sanctions and her stipulation to the present violations. See K.S.A. 2018 Supp. 22-3716(c)(1)(E). The district court abuses its discretion when it bases its decision on a legal or factual error or when it enters an order with which no reasonable person could agree. Because revocation was clearly within the discretion of the district court, unless that court has made a legal or factual error—which Wade has not claimed—we will set aside its discretionary decision only if no reasonable person could agree with it. See *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We see nothing unreasonable here. Wade repeatedly demonstrated in a short span of time that she could not or would not comply with orders of the court. This included failing to report for the 60-day court-ordered prison sanction for a previous probation violation. These facts provided a reasonable basis for the district court to conclude that Wade was no longer amenable to probation.

Affirmed.